BOVEE et al. v. BARRETT.

(Supreme Court, Appellate Division, Third Department. November 14, 1906.)

DAMAGES—BREACH OF CONTRACT.

The complaint alleged the breach of an agreement whereby plaintiffs moved upon defendant's farm to care for him, and provide him a home and other necessities, in consideration of which defendant agreed to convey the farm to plaintiffs. It then alleged plaintiffs' services and included a charge for $3.50 per week for board while the contract was being observed. *Held,* that defendant was entitled to credit for such proceeds of the farm as plaintiffs had received and for the rental of the house and garden, and also for the products of the farm used by plaintiffs' stock.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, § 118.]

Appeal from Judgment on Report of Referee.

Action by Orra Bovee and another against Charles Barrett. From a judgment for plaintiffs, defendant appeals. Reversed.

This is an appeal from a judgment in favor of the plaintiffs upon the report of a referee. The referee finds that the plaintiffs and the defendants entered into an oral agreement on or about January 1, 1903, by which the plaintiffs were to move upon defendant's farm, care for him and provide him a home thereon, with necessary board and clothing and other necessities, and do the work on such farm, except such work as the defendant himself might perform, in consideration of which the defendant agreed to convey said farm and premises to the plaintiffs. The plaintiffs removed to the farm, entered upon the performance of the agreement, and on or about October 20, 1904, the defendant repudiated the agreement and caused them to remove from the farm; and the referee allows the plaintiffs for boarding the defendant 55 weeks at $3.50 per week and for the various items of clothing, expenditures, and the work performed by Bovee upon the farm. Mrs. Bovee performed the usual services of a woman in the household. Mr. Bovee performed no real service on the farm, except a few days in haying, for which the referee awards him compensation at their full value. At the time of removing from the farm the hay and grain was left thereon, except such as had been consumed by the stock. The plaintiffs had the use of the house and buildings and the garden, and removed some potatoes and

apples from the farm, and used the proceeds of the farm, such as butter and vegetables, in supporting the family so far as they would go, and sold butter and bought provisions and other things with the proceeds. With the farm the defendant furnished two cows, as the plaintiffs claim, and three cows, as he claims; the plaintiffs claiming to own one of the cows themselves. The plaintiffs brought upon the farm a colt and some pigs and hens, and took them with them when they left. The defendant claims the rental value of the farm was about $150 per year. The plaintiffs claim its value was about $60 per year. It is agreed that if the occupants did not get the full proceeds of the farm the rent would be less, and value of the house and garden would be from $35 to $60 a year.

Argued before PARKER, P. J., and SMITH, CHESTER, KEL-LOGG, and COCHRANE, JJ.

William T. Moore, for appellant.

Charles M. Davidson (S. M. Richards, of counsel), for respondents.

JOHN M. KELLOGG, J.  The agreement was not in writing, and is not alleged by the complaint to have been unwritten; but the complaint alleges that the defendant repudiated the agreement and deprived the plaintiffs of the benefit of it, and then alleges their services and the items furnished under the agreement, and the bill of particulars emphasizes these provisions and shows definitely the particular items sought to be recovered. The referee was right in basing the recovery upon a quantum meruit. He erred, however, in charging the defendant $3.50 per week for board during the time the contract was being observed, when the defendant was furnishing the house, many of the vegetables, the milk, butter, and many things going to make up the board. If the defendant was to be charged full price for the board and lodging and all services rendered, it must follow that the plaintiffs must account for such proceeds of the farm as they had and for the rental of the house and garden; also for products of the farm used by the colt and pigs. In not allowing the defendant credit for the items suggested, the findings are against the evidence and do an injustice to the defendant.

The judgment is therefore reversed, the referee discharged, and a new trial ordered, with costs to the appellant to abide the event. All concur.